IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERICA L. GRESENS<br>5022 Klingle St., N.W.<br>Washington, D.C. 20016<br><br>      Plaintiff<br><br>   v.<br><br>OLD DOMINION INSURANCE COMPANY<br>4601 Touchton Road East<br>Ste. 3400<br>Jacksonville, FL 32246<br><br>Serve:    Bruce R. Fox<br>             4601 Touchton Road East<br>             Ste. 3400<br>             Jacksonville, FL 32246<br><br>      Defendant | Case No. 1:19-cv-02553<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

      Plaintiff, **ERICA L. GRESENS** ("Plaintiff" or "Ms. Gresens"), in the above-entitled action, by and through her undersigned counsel, hereby demands judgment against Defendant, **OLD DOMINION INSURANCE COMPANY** ("Defendant" or "Old Dominion"), in the amounts set forth below, and as her Complaint, states as follows:

Preliminary Statement of the Case

      1.    This matter arises out of a motor vehicle accident that occurred on January 6, 2017 (the "Collision"), when a vehicle operated by Gerson-Orlando Acevedo ("Mr. Acevedo") and owned by Arnoldo Ingles Garmendia (the "At-Fault Vehicle"), was driven at a high rate of speed into the rear of a vehicle operated by Plaintiff ("Plaintiff's Vehicle") in the Northwest

sector of Washington, D.C. The insurance policy that covered Mr. Acevedo did not have sufficient liability coverage to compensate Plaintiff for her bodily injuries and lost wages, necessitating this suit seeking underinsured motorist benefits under the motor vehicle insurance policy covering Ms. Gresens at the time.

<u>PARTIES, JURISDICTION, AND VENUE</u>

2. Plaintiff, **ERICA L. GRESENS**, is an adult resident and citizen of the District of Columbia, eighteen (18) years of age or older at the time of this filing, and has a current residence at 5022 Klingle Street, Northwest, Washington, D.C. 20016. For jurisdictional purposes, Gresens is and has been at all relevant times a citizen of the District of Columbia.

3. On information and belief, Defendant, **OLD DOMINION INSURANCE COMPANY**, is a Florida for-profit corporation, organized and operated under the laws of Florida in effect from time to time, with a principal place of business at 4601 Touchton Road East, Suite 3400, Jacksonville, Florida 32246. On information and belief, Old Dominion is not registered to do business in the District of Columbia and therefore has no offices in the District. For jurisdictional purposes, Old Dominion is a citizen of the state of Florida, where its principal place of business and place of incorporation are located.

4. This court may exercise personal jurisdiction over Old Dominion because Old Dominion has such minimum contacts with the District of Columbia such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice, and because, pursuant to D.C. Code § 13-423(6) (1983), it has contracted to provide insurance coverage for Plaintiff within the District of Columbia.

5. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of Seventy Five Thousand Dollars and Zero Cents ($75,000.00), and this matter is between citizens of different states.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS

7. On or about January 6, 2017, Gresens was carefully and prudently operating a 2010 Hyundai Elantra (i.e., Plaintiff's Vehicle) northbound on Connecticut Avenue, Northwest, in Washington, D.C. near its intersection with Macomb Street, Northwest.

8. As Plaintiff was traveling northbound on Connecticut Avenue, Northwest, the traffic signal controlling traffic at the intersection of Connecticut Avenue, Northwest, and Macob Street, Northwest, turned to a solid yellow ball.  Carefully and prudently in light of the conditions at the time, Plaintiff slowed Plaintiff's Vehicle and brought it to a stop at the intersection, which was, by then, controlled by a solid red ball signal.  Plaintiff's Vehicle was the first vehicle in line at the light in the number two lane.

9. Meanwhile, Mr. Acevedo was operating a 2004 BMW 325i, i.e., the At-Fault Vehicle, also heading northbound on Connecticut Avenue in Northwest Washington, D.C. approaching the intersection with Macomb Street, Northwest.

10. The At-Fault Vehicle was approaching the same intersection at which Plaintiff's Vehicle was already stopped at the traffic signal.

11. Negligently, and at a high rate of speed, Mr. Acevedo failed to stop at the intersection and drove the At-Fault Vehicle into the rear of Plaintiff's Vehicle, causing the Collision.

12. Plaintiff was injured as a result of the Collision and was transported by ambulance to George Washington University Hospital. She suffered injuries to her neck, shoulder, head, and back. To treat her injuries, Plaintiff received costly, necessary medical care and physical therapy.

13. All of Plaintiff's injuries were suffered as a direct and proximate result of the Collision. And, some of the injuries Gresens suffered as a result of the Collision have lasting effects, even now, more than two and a half years following the Collision.

14. Following the Collision, Plaintiff missed a day of work at her primary place of employment at the U.S. Department of Defense ("DOD"), a desk job. Prior to the Collision, Plaintiff was working a second job at Gordon Biersch in a food service position. However, after her Collision, and as a direct result thereof, Plaintiff was unable to return to her second job, causing her substantial lost wages.

15. More than two and a half years following the Collision, Plaintiff continues to experience occasional limited range of motion and intermittent pain in her cervical spine, neck, and back. She has been forced to decrease, and in some cases cease, her participation in recreational activities she enjoyed prior to the Collision.

16. Following the Collision, Plaintiff experienced persistent and significant physical and conscious pain and suffering, emotional distress, inconvenience, some of which she continues to experience to this day, and other non-economic damages, and, on information and belief, she will continue to experience those damages into the future.

17. All damages suffered by Plaintiff were the direct and proximate result of the Collision caused by Acevedo's negligence. Plaintiff did not contribute in any way or amount to the cause of the Collision, and she did not assume the risk thereof.

18.     At the time of the Collision, the At-Fault Vehicle was covered by a motor vehicle liability insurance policy with State Farm Mutual Automobile Insurance Company ("State Farm"), Policy No. 169-3568-E07-46E (the "At-Fault Vehicle Policy").

19.     At the time of the Collision, Mr. Acevedo did not personally carry any automobile insurance coverage.  However, the owner of the At-Fault Vehicle had authorized Mr. Acevedo to drive the At-Fault Vehicle.   Because Mr. Acevedo was an authorized user of the At-Fault Vehicle, he was covered under the At-Fault Vehicle Policy.

20.     The policy limits for the At-Fault Vehicle Policy at the time of the Collision were $25,000.00.

21.     On or about August 21, 2018, Plaintiff filed suit in the Superior Court for the District of Columbia to recover monetary damages for her bodily injuries and lost wages.

22.     On or about May 23, 2019, State Farm offered to tender the full policy limits of the At-Fault Vehicle Policy to Plaintiff.

23.     At the time of the Collision, Plaintiff's parents, Mark C. Gresens and Deborah Gresens, carried an insurance policy covering Plaintiff and Plaintiff's Vehicle, which included underinsured motorist insurance coverage with Defendant Old Dominion.

24.     Upon receipt of State Farm's offer to tender the full policy limits of the At-Fault Vehicle Policy and before accepting the same, on or about June 7, 2019, Plaintiff mailed, via certified mail, return receipt requested, and by first-class mailing, to Old Dominion, notice of the offer of State Farm's offer of the full policy limits in full compliance with D.C. Code § 31-2407.01.

25. Old Dominion acknowledged receipt of the notice and, on or about July 11, 2019, provided Plaintiff with Old Dominion's consent to settle the underlying litigation for the At-Fault Vehicle Policy limits.

26. Thereafter, Plaintiff made demand on Old Dominion for payment of Plaintiff's damages in excess of the At-Fault Vehicle Policy.

27. Despite Plaintiff's demand, Old Dominion has failed and/or otherwise refused to pay Plaintiff's damages.

## CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT (UNDERINSURED MOTORIST)
### (Against Old Dominion)

28. Plaintiff incorporates by reference Paragraphs 1 through 27 of this Complaint as if fully set forth and restated herein.

29. At the time of the Collision, Mr. Acevedo was an underinsured motorist without sufficient liability coverage to pay any judgment which might be rendered against him due to his negligent acts and omissions.

30. On the date of the Collision, Old Dominion had in effect a valid and enforceable insurance policy by which it agreed to pay Plaintiff's damages for bodily injuries and losses she sustained from the negligence of an underinsured motorist.

31. Plaintiff complied with the terms of the applicable policy with Old Dominion and all applicable statutes and is entitled to be paid by Old Dominion any and all damages, which are in excess of the At-Fault Vehicle Policy limits, sustained by Plaintiff resulting from Mr. Acevedo's negligence.

32. Old Dominion, upon demand, has failed to pay Plaintiff's damages, and therefore has breached the insurance policy.

WHEREFORE, Plaintiff, **ERICA L. GRESENS**, demands judgement against Defendant, **OLD DOMINION INSURANCE COMPANY**, in the amount of $150,000.00, plus pre- and post-judgment interest, attorney's fees, and costs.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all matters raised herein.

Respectfully submitted,

_____
Matthew E. Feinberg, Esq. (D.C. Bar #991638)
*mfeinberg@pilieromazza.com*
Anthony M. Batt, Esq. (D.C. Bar #1616459)
*abatt@pilieromazza.com*
**PILIEROMAZZA PLLC**
888 17th Street, N.W., 11th Floor
Washington, D.C. 20006
Ph: (202) 857-1000
Fx: (202) 857-0200

*Attorneys for Plaintiff Erica L. Gresens*